FILED

2018 DEC 12 PM 3: 57

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA

BY._____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2018 Grand Jury

| UNITED STATES OF AMERICA, | SA CR No. 18- 00255 JVS |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1344(2): Bank Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft] |
| MARY CAROLE MCDONNELL, | |
| Defendant. | **UNDER SEAL** |

The Grand Jury charges:

COUNTS ONE THROUGH FIVE

[18 U.S.C. § 1344(2)]

A.   INTRODUCTORY ALLEGATIONS

1.   At all times relevant to this Indictment:

a.   Defendant MARY CAROLE MCDONNELL ("MCDONNELL") was the Chief Executive Officer of Bellum Entertainment LLC, a production and distribution company based in Burbank, California, within the Central District of California, that produced and distributed true-crime shows including It Takes a Killer, Corrupt Crimes, I Married a Murderer and Bizarre Murders ("Bellum"), and resided in Los Angeles County, within the Central District of California.

b.    The bank ("bank") was a financial institution which was headquartered in Orange County, within the Central District of California, the deposits of which were then insured by the Federal Deposit Insurance Corporation.

c.    The trust company ("trust company") was a financial services company that had an office in Los Angeles County, within the Central District of California.

d.    Beginning in at least June 2017, Bellum began having issues paying payroll and meeting its financial obligations.

e.    During 2017, defendant MCDONNELL was named in various civil complaints related to outstanding obligations filed in state courts.  The civil complaints each alleged that defendant MCDONNELL owed over $1,000,000 to creditors from across the United States. Some of these civil complaints related to the debts of Bellum.

B.    THE SCHEME TO DEFRAUD

2.    Beginning in or around July 2017, and continuing until in or around May 2018, in Los Angeles and Orange Counties, within the Central District of California, and elsewhere, defendant MCDONNELL, knowingly and with the intent to defraud, devised, participated in, executed, and attempted to execute a scheme to obtain moneys, funds, assets, and other property owned by and in the custody and control of the bank by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3.    The scheme to defraud operated, in substance, in the following manner:

a.    Defendant MCDONNELL obtained letters from an employee at the trust company that falsely stated she held a trust account with large balances up to $20,000,000.

2

b.    Defendant MCDONNELL falsely informed representatives with the bank that she was entitled to a distribution of $80,000,000 from a trust.

c.    Defendant MCDONNELL falsely informed representatives with the bank that she was related to the founders of the McDonnell Douglas Corporation.

d.    Defendant MCDONNELL submitted to the bank a statement that was purportedly from the trust company and a letter that was purportedly signed by an employee of the trust company as proof that defendant MCDONNELL held an account with the trust company that had a balance of $28,624,549.20 when, in truth and in fact, as defendant MCDONNELL knew, defendant MCDONNELL did not have an account with the trust company that had a balance of $28,624,549.20.

e.    Defendant MCDONNELL convinced a notary to notarize a bank account control agreement that was purportedly signed by an employee with the trust company without the employee being present for the notarization, when, in truth and in fact, as defendant MCDONNELL knew, no one at the trust company had been authorized to enter the bank account control agreement.

f.    Defendant MCDONNELL obtained a $15,000,000 loan from the bank after submitting to the bank documents that purportedly demonstrated, among other things, that defendant MCDONNELL held an account with a balance of $28,624,549.20 at the trust company and the account was to be used to secure the $15,000,000 loan from the bank, when, in truth and in fact, as defendant MCDONNELL knew, defendant MCDONNELL did not have an account with the trust company that had a balance of $28,624,549.20 and the documents contained forged signatures of an employee with the trust company.

1           g.    Defendant MCDONNELL falsely told an employee at the

2    trust company that there was no need to call the bank back because

3    the bank was aware that defendant MCDONNELL had no accounts with the

4    trust company.

5           h.    Through her scheme, defendant MCDONNELL fraudulently

6    obtained a total of approximately $14.7 million from the bank to

7    which she knew she was not entitled.

8           i.    Defendant MCDONNELL used the fraudulently-obtained

9    proceeds from the bank to pay, among other things, creditors and the

10   payroll of Bellum.

11   //

12   //

13   //

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C.    EXECUTION OF THE SCHEME

4.    On or about the following dates, in Los Angeles and Orange Counties, within the Central District of California, defendant MCDONNELL committed the following acts, each of which constituted an execution of the fraudulent scheme:

| COUNT | DATE | EXECUTION |
|---|---|---|
| ONE | 12/21/2017 | Submission to the bank of a personal financial statement and loan application |
| TWO | 1/3/2018 | Submission to the bank of a statement from the trust company from November 2017 showing a balance of $28,624,549.20 in an account of defendant MCDONNELL's |
| THREE | 1/31/2018 | Submission to the bank of a letter from the trust company purportedly showing a balance of $28,624,549.20 in an account of defendant MCDONNELL's |
| FOUR | 1/31/2018 | Submission to the bank of loan documents, including a pledge agreement and bank account control agreement |
| FIVE | 2/1/2018 | Submission to the bank of a letter from the trust company purportedly showing that defendant MCDONNELL had an account with the trust company that was cash secured and blocked for the bank |

COUNT SIX

[18 U.S.C. § 1028A(a)(1)]

On or about January 31, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant MARY CAROLE MCDONNELL ("MCDONNELL") knowingly possessed and used, without lawful authority, means of identification that defendant MCDONNELL knew belonged to another person, namely, the name and signature of M.J.C., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Four of this Indictment.

COUNT SEVEN

[18 U.S.C. § 1028A(a)(1)]

On or about February 1, 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendant MARY CAROLE MCDONNELL ("MCDONNELL") knowingly possessed and used, without lawful authority, means of identification that defendant MCDONNELL knew belonged to another person, namely, the name and signature of M.J.C., during and in relation to the offense of Bank Fraud, a felony violation of Title 18, United States Code, Section 1344(2), as charged in Count Five of this Indictment.

A TRUE BILL

_____
Foreperson

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

DENNISE WILLETT
Assistant United States Attorney
Chief, Santa Ana Branch Office

SANDY LEAL
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

VIBHAV MITTAL
Assistant United States Attorney
Santa Ana Branch Office